# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JASON G. JONES, | ) | |
| Petitioner, | ) | Case No. 2:18-cv-02464-TLP-tmp |
| v. | ) | |
| MYRON BATTS, | ) | |
| Respondent. | ) | |

**ORDER TO MODIFY DOCKET, DENYING 28 U.S.C. § 2241 PETITION, AND CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**

Petitioner, Jason G. Jones, Bureau of Prisons register number 17551-075, an inmate incarcerated at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition"). (*See* ECF No. 1.) Jones paid the filing fee. (ECF No. 3.) The Clerk shall record the Respondent as FCI Memphis Warden Angela Owens.[1] Because this case does not satisfy the stringent requirements for a challenge to a sentence enhancement under § 2241 established by the Sixth Circuit Court of Appeals, the Court DENIES the § 2241 Petition.

## BACKGROUND

**I.    Jones' Federal Criminal Case, No. 3:05-mj-01072 (M.D. Tenn.)**

In 2005, Jones was indicted for possession with intent to distribute 50 grams or more of methamphetamine. (ECF No. 1 at PageID 2.) The government subsequently filed a superseding

---

[1] The proper respondent to a habeas petition is the petitioner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004). Jones' custodian is FCI Memphis Warden Angela Owens. The Clerk shall modify the docket to reflect that Owens is the respondent.

indictment charging Jones with one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (*Id*. at PageID 2, 4.) The government also filed an information under 21 U.S.C. § 851 notifying Jones that it would seek to enhance his statutory mandatory minimum sentence to twenty years based on a prior felony drug conviction under Ky. Rev. Stat. Ann. § 218A.1415(1). (*Id.* at PageID 2, 4.) Jones pled guilty to the superseding indictment on December 12, 2006, and was sentenced on May 25, 2007, to 240 months imprisonment. (*Id.* at PageID 2.) Judgment was entered on August 10, 2007. (*Id.*) The Sixth Circuit affirmed. (*Id.* at PageID 3.) *See United States v. Jones*, 296 F. App'x 473 (6th Cir. 2008).

Jones filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was summarily dismissed as time-barred. (*Id.*) *See Jones v. United States*, No. 3:10-0402, 2010 WL 3893835, at *4 (M.D. Tenn. Sept. 30, 2010).

**II.    Jones' § 2241 Petition, Civ. No. 18-2464 (W.D. Tenn.)**

Jones argues that his prior conviction does not qualify as a felony drug offense. (*Id.* at PageID 5-6.) He further asserts that the government did not attach a copy of the state court judgment to the information or any other documents. (*Id.* at PageID 6.) Jones states that none of the government's proffered materials describe which controlled substance he possessed under Kentucky law. (*Id.*) Jones' argument is based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 894 (2016), and the "straight-forward application of the definition of 'felony drug offense' provided by §802(44)." (*Id.*) Jones also relies on *Lopez v. Gonzales*, 549 U.S. 47 (2006), and *United States v. Palacios-Suarez*, 418 F.3d 692 (6th Cir. 2005), to support his position that his Kentucky drug conviction did not support the enhancement. (*Id.* at PageID 12–15). He further contends that, based on *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), he is permitted to pursue his challenge to the § 851 enhancement under 28 U.S.C. § 2241. (*Id.* at PageID 19–21.)

2

# ANALYSIS

"Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The "savings clause" in § 2255(e) authorizes federal prisoners to seek relief under 28 U.S.C. § 2241 where "the remedy by motion is inadequate or ineffective to test the legality of his detention." *Peterman*, 249 F.3d at 461. "The circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *Id.* "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (citations omitted). The Sixth Circuit has reserved § 2241 Petitions for cases in which a prisoner is actually innocent. *Peterman*, 249 F.3d at 461–62. Until recently, "[c]laims alleging 'actual innocence' of a sentencing enhancement [could not] be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

In *Hill v. Masters*, the Sixth Circuit held that inmates can challenge their sentences under § 2241 if they can show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice." 836 F.3d 591, 595 (6th Cir. 2016). The third requirement is satisfied by

> (1) prisoners who are sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id*. at 599–600 (parallel citations omitted).

Jones' sentence does not satisfy the requirements of *Hill* because he was sentenced after the Supreme Court's *Booker* decision in 2005. The Sixth Circuit has explained that "[s]erving a sentence under mandatory guidelines (subsequently lowered by retroactive Supreme Court precedent) shares similarities with serving a sentence imposed above the statutory maximum. Both sentences are beyond what is called for by law and both raise a fundamental fairness issue." *Hill*, 836 F.3d at 599 (citation omitted). Here, because Jones' sentence was not implemented under the mandatory guidelines, Jones is not entitled to relief from his sentence under § 2241.

Because Jones is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for Respondent to show cause need not issue. The § 2241 Petition is DENIED. Judgment shall be entered for Respondent.

## **APPEAL ISSUES**

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in

forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court.  *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, because Jones is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith.  It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is DENIED.[2]

**SO ORDERED**, this 17th day of January, 2019.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.